UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CHEATHAM,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>SCOTT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-01166-APG-PAL<br><br>**ORDER**<br><br>(Notice – Dkt. #13) |

　　　　This matter is before the Court on Plaintiff Emmanuel Cheatham's Notice (Dkt. #13) regarding unexecuted summons. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

　　　　This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner proceeding in this action *pro se* and *in forma pauperis*. *See* Order (Dkt. #3). The Court previously screened the Amended Complaint (Dkt. #5) and determined that it stated a claim under the Eighth Amendment for sexual assault against Defendants Scott, Washmoe, and Karvu. *See* Screening Order (Dkt. #8). The Court instructed the Clerk of the Court to issue summons to Defendants and deliver the same to the U.S. Marshals ("USM") for service. *Id*. The Court also directed Plaintiff to provide the USM with the information to serve Defendants. *Id*.

　　　　In his Notice (Dkt. #13), Plaintiff informed the Court that the U.S. Marshal was unable to serve Defendants. The Clark County Detention Center ("CCDC") returned the summons unexecuted for Defendant "L. Washmoe" and "Karvu" and noted in the remarks that no such officers worked there. *See* USM Returns Unexecuted (Dkt. #10, #12). For Defendant "Scott L." the CCDC stated that thirteen "Scott Ls" work for the Las Vegas Metropolitan Police Department. *See* USM Return Unexecuted (Dkt. #11). In an apparent attempt to correct these deficiencies, the Notice provides additional information clarifying the Defendants names as

"Leonard Washmor," "Lisa Scott," and "Karl Karvu," who each work for CCDC. Notice (Dkt. #13).

Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be served within 120 days after a complaint is filed. *Id.* The rule also provides that a court must extend the time for service for an appropriate period if a plaintiff shows good cause for his failure to timely serve the complaint. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F .3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id.*

Any document filed by a *pro se* litigant is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten *pro se* document is to be liberally construed.")). Here, Plaintiff filed a handwritten Notice (Dkt. #13) in which he clarified the Defendants names and employer. This appears to be a request for permission to re-attempt service upon Defendants. The Court will therefore construe Plaintiff's Notice as a motion to re-serve Defendants and extension of time for service. *See* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Plaintiff was required to provide the USM with information to serve the Complaint on Defendants. He did so, but the information he provided the USM was insufficient to effectuate service. Plaintiff has provided Defendants' corrected names to show that re-service of the summons by the USM is warranted. As such, Plaintiff has shown good cause to re-serve Defendant and the Court will therefore grant the Motion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Emmanuel Cheatham's Notice (Dkt. #13), is construed as a motion to re-serve Defendants, and is GRANTED.
2. The Clerk of the Court shall re-issue summons for Defendants "Leonard Washmor," "Lisa Scott," and "Karl Karvu" and deliver the summons and a copy of the Amended

Complaint (Dkt. #5) to the USM for service. The Clerk of the Court shall also mail Plaintiff a blank Form USM-285 along with instructions for completing the form.

3. Plaintiff shall have 20 days in which to provide the USM with a completed Form USM-285, which must include the additional information needed for the USM to attempt to reserve Defendants. Plaintiff must file a notice with the Court identifying whether Defendants were served within 20 days after receiving a copy of the Form USM-285 from the USM showing whether service has been accomplished.

4. If the USM is unable to serve one or more of the Defendants and Plaintiff wishes to have service attempted again, Plaintiff must file a motion with the Court specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished on all Defendants within 120 days from the date of entry of this order, or by **February 23, 2016**.

Dated this 23th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE