UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| EMMANUEL CHEATHAM, | Case No. 2:14-cv-01166-APG-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| SCOTT, et al., | (Mot. Inform/Information – ECF No. 24) |
| Defendants. | |

This matter is before the court on Plaintiff Emmanuel Cheatham's Motion to Inform / Information (ECF No. 24). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

This is an action on a civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Cheatham is a prisoner proceeding in this action *pro se* and *in forma pauperis*. The court previously screened the Amended Complaint (ECF No. 5) and determined that it stated a claim. *See* Screening Order (ECF No. 8). However, to date, Mr. Cheatham has not properly served Defendants. In addition, the court recently denied his Motion to Dismiss Charges (ECF No. 18), finding that this federal district court lacks jurisdiction to dismiss charges pending against Mr. Cheatham in his state court criminal proceedings. *See* Order (ECF No. 22). The current Motion (ECF No. 24) asks how long Mr. Cheatham has to bring criminal case # C295096 before this court. The court rules a matters before it but cannot give litigants legal advice.

As a general matter, however, he is informed that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). This jurisdictional principle was explained in United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held

that a plaintiff cannot succeed on a § 1983 claim that necessarily implicates the constitutionality of the plaintiff's state conviction or sentence. 512 U.S. at 484–87. In other words, § 1983 cannot be used to indirectly attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. As such, a plaintiff "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (emphasis added). Additionally, the *Younger* abstention doctrine prevents federal courts from interfering with pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court has stated that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S. Ct. 584, 588 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (finding that *Younger* applies to damages claims as well as claims for injunctive or declaratory relief).

Accordingly,

**IT IS ORDERED:** Plaintiff Emmanuel Cheatham's Motion to Inform / Information (ECF No. 24) is DENIED.

Dated this 23rd day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE