UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EMMANUEL CHEATHAM,<br><br>                                        Plaintiff,<br>   v.<br>GILLISPIE, et al.,<br><br>                                        Defendants. | Case No. 2:14-cv-01166-APG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Emmanuel Cheatham's ("Cheatham") failure to comply with this court's Order (ECF No. 14) and Order to Show Cause (ECF No. 26).

On October 26, 2015, the court entered an Order (ECF No. 14) re-issuing multiple summonses with corrected names, and giving Cheatham 20 days in which to provide the U.S. Marshal ("USM") with a completed Form USM-185 to attempt to re-serve those Defendants. Cheatham was instructed to timely file a notice with the court identifying whether the Defendants were served. If the USM was unable to serve one or more of the Defendants and Mr. Cheatham wished to have service attempted again, the court instructed him to file a motion specifying more detailed names and/or addresses, or whether some other manner of service should be attempted. Cheatham was given an extended deadline of February 23, 2016, to re-serve those Defendants.

On October 29, 2014, Cheatham filed another notice (ECF No. 16) indicating that the summonses were unexecuted, and he could not get any information on the officers. He did not file a motion specifying more detailed names and/or different addresses for Defendants or requesting another manner of service, and did not complete service before the February 23, 2016 extended deadline. To date, Cheatham has not filed a motion requesting another extension of the deadline to serve Defendants.

On August 23, 2016, the court entered an Order to Show Cause (ECF No. 26) why this action should not be dismissed without prejudice for failure to timely effect service of process. The court's order gave Cheatham until September 22, 2016, to file a response. The order to show cause warned that Cheatham's failure to timely file a written response would result a recommendation to the district judge that this case be dismissed without prejudice. Cheatham failed to file a response to the order to show cause, and Cheatham has not requested an extension of time in which to do so.

Cheatham's willful failure to comply with the court's Orders is an abusive litigation practice that has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Cheatham has willfully refused to comply with multiple court Orders.

Accordingly,

**IT IS RECOMMENDED** that this case be **DISMISSED without prejudice.**

DATED this 30th day of September, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28

2

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.